UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELDON JEFFERSON                                      CIVIL ACTION

VERSUS                                                 NO. 23-2983

KEITH COOLEY                                           SECTION "R" (4)

## ORDER AND REASONS

Petitioner Sheldon Jefferson, an inmate incarcerated in the Allen Correctional Center in Kinder, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] On February 6, 2024, Magistrate Judge Karen Wells Roby issued a Report & Recommendation ("R&R"), recommending that the Court dismiss the petition with prejudice as time barred.[2]

Plaintiff did not object to the R&R. Therefore, the Court reviews the R&R for clear error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error.

---

[1]    R. Doc. 3.
[2]    R. Doc. 17.

Accordingly, the Court adopts Magistrate Judge Roby's R&R as its opinion. Jefferson's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.[3]

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 475 (2000)). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

---

[3] On February 9, 2024, Jefferson filed a motion for default judgment, which is set for submission on March 20, 2024. R. Doc. 18. Having concluded that Jefferson's § 2254 petition is time barred, the Court denies Jefferson's motion for default judgment as moot.

underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (emphasis in original) (quoting *Slack*, 529 U.S. at 484).

Jefferson's petition does not satisfy these standards. For the reasons stated in this Court's Order and in Magistrate Judge Roby's R&R, the Court finds that Jefferson has not demonstrated that he is entitled to federal habeas relief under § 2254, that dismissal on procedural grounds is incorrect, or that the claims raised would engender debate among reasonable jurists or deserve encouragement to proceed further. Thus, the Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __6th__ day of March, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE